# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**ROBERT ELLIS, JR.**                                                        **PLAINTIFF**

**v.**                                        **CIVIL NO. 3:18-cv-127-CWR-JCG**

**WARDEN CHERON Y. NASH**                                   **DEFENDANT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 19) filed by Defendant Cheron Y. Nash, who at all times pertinent to this suit was the Warden at Federal Correctional Complex Yazoo City's Medium Security component in Yazoo City, Mississippi ("FCC Yazoo Medium"). Plaintiff Robert Ellis, Jr. filed this suit *pro se* and *in forma pauperis* while serving a term of imprisonment at FCC Yazoo Medium. Ellis responded to Warden Nash's Motion by filing two Motions: a motion entitled "Petitioner Motion to Move Forward or, in the Alternative, for Summary Judgment" (ECF No. 28) and a "Memorandum in Support of Motion to Amend in Order to State a Claim in Which Relief Can be Granted Under the Bivens Action" (ECF No. 29).

Having considered the submissions of the parties, the record, and relevant law, the undersigned recommends that Warden Nash's Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 19) be GRANTED IN PART. Warden Nash should be granted summary judgment because Ellis failed to exhaust the claim in his Complaint through the Bureau of Prisons' Administrative Remedy Program (ARP). Warden Nash's Motion should be DENIED in all other respects.

Ellis' Motions (ECF Nos. 28, 29) should be DENIED.

## BACKGROUND

On August 24, 2017, Ellis sustained physical injuries as a result of a gas explosion in a food services area at FCC Yazoo Medium where he was an inmate worker. According to Ellis' Complaint, "the assistant food administrator" required Ellis and others to work in this area this area, despite it being shut down for maintenance, "bombing for (rat) infestation, and faulty wiring." (ECF No. 1, at 4). Ellis avers in his Complaint that "when we entered the kitchen area we immediately started complaining about smelling gas to Food Administrator Paxton. These complaints were ignored . . . ." *Id.* at 5. According to Ellis, he was placing a tray inside of a warming box when [all sic in original]

> a quiet flash of light hot fire that hit me Robert Ellis #09812-042 directly in the face, burning away my eye lids as well as my eye brows blinding me momentarily. Burned the hair off of my right arm. Burned my beard to the point that I had to cut it off. This explosion caused me to be thrown over a table this caused my lower back to be twisted to the point that I have back spasms all the time, I can't sit for long periods of time. The flash from the gas explosion left me Robert Ellis # 09812-042 with permanent blurred vision at night when I go outside into the light I see rainbows everywhere, my vision is not the same. My eyes are ruined for life. My back injury is permanent also.

*Id.* at 6.

Ellis submitted his Complaint on a form intended for prisoners filing a complaint pursuant to 42 U.S.C. § 1983. After reviewing Ellis' Complaint, the undersigned ordered Ellis to clarify whether he was seeking damages for a

2

constitutional violation. Ellis was informed that, if so, the proper vehicle for seeking damages for a constitutional violation by a federal agent is *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 397 (1971). Ellis was ordered to file a written response informing the Court whether he was "pursuing this action as a *Bivens* Complaint or as some other type of federal civil suit". (ECF No. 8, at 2). If Ellis intended to pursue a *Bivens* Complaint, his written response was required to "specifically state how Defendant Nash violated Plaintiff's constitutional rights." *Id.* If Ellis was not pursuing a *Bivens* Complaint, his written response was required to "identify how this Court has jurisdiction over this matter and why Plaintiff is entitled to relief from Defendant Nash . . . ." *Id.*

Ellis responded to the Court's Order by filing a "Motion to Clarify Complaint as *Bivens* Action." (ECF No. 1, at 4). Ellis averred that he was alleging a constitutional violation pursuant to *Bivens,* namely that [all sic in original]

> Plaintiff was injured while in Warden Nash custody. There was a gas shut off valve that exploded in the Plaintiff face causing burns to the eye's and blowing the plaintiff over a table causing lower back injury. The Plaintiff Robert Ellis constitutional rights was violated when Miss Nash failed to protect this Plaintiff after several work orders of inmates and staff complaints of smelling gas.

(ECF No. 9, at 1).

On August 17, 2018, Warden Nash filed the instant Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 19), arguing as an initial matter that Ellis did not allege a failure to protect claim during the administrative process. Warden Nash alleges that Ellis has not stated a claim against her because Ellis

3

does not allege that she was personally involved in the events underlying his Complaint. Warden Nash asserts that she is entitled to qualified immunity under the facts as alleged.

In response to Warden Nash's Motion to Dismiss or for Summary Judgment, Ellis filed a two-page motion entitled "Petitioner Motion to Move Forward or, in the Alternative, for Summary Judgment" (ECF No. 28) and a one-page "Memorandum in Support of Motion to Amend in Order to State a Claim in Which Relief Can be Granted Under the Bivens Action" (ECF No. 29). Ellis maintains that he exhausted administrative remedies and "used what was available to him at the time every step available." (ECF No. 28, at 1). Ellis concludes, without analysis, that Warden Nash is not entitled to qualified immunity. Ellis restates his alleged permanent physical injuries and demand for $40,000,000. *Id.* at 1-2.

## DISCUSSION

A. <u>Motion to Dismiss</u>

In considering a motion to dismiss under Rule 12(b)(6), a court accepts "all well-pleaded facts as true" and views them in the light most favorable to the plaintiff. *Firefighters' Ret. Sys. v. Grant Thornton, LLP,* 894 F.3d 665, 669 (5th Cir. 2018) (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Specifically, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). A court "must construe the pleadings of pro se litigants liberally." *Andrade v. Gonzalez,* 459 F.3d 538, 543 (5th Cir. 2006). With respect to a Rule 12(b)(6) challenge to a pro se complaint, a court should examine the entirety of the complaint, including the attachments. *Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983); *Clark v. Huntleigh Corp.,* 119 F. App'x 666, 667 (5th Cir. 2005). "Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998). "Such error may be ameliorated, however, if the plaintiff has alleged his best case, or if the dismissal was without prejudice." *Id.*

B. <u>Ellis Failed to Exhaust the Bureau of Prisons' ARP</u>

An action seeking damages for a constitutional violation by a federal agent is properly pursued as a *Bivens* action. *See Bivens,* 403 U.S. at 397. A *Bivens* claim is rightly asserted against individuals, not entities or agencies. *Fed. Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 486 (1994). This *Bivens* suit is subject to the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the United States Code). Under the PLRA, inmates must exhaust "such administrative remedies as are

5

available" prior to bringing a civil action. 42 U.S.C. § 1197e(a). The exhaustion requirement applies to all lawsuits which challenge prison conditions and is not limited to civil rights claims brought under 42 U.S.C. § 1983. *Woodford v. Ngo,* 548 U.S. 81, 85 (2006). The PLRA's exhaustion requirement is mandatory, "foreclosing judicial discretion." *Ross v. Blake,* 136 S. Ct. 1850, 1857 (2016).

The United States Supreme Court has "identified the benefits of exhaustion to include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock,* 549 U.S. 199, 219 (2007) (citing *Ngo,* 548 U.S. at 89). To exhaust administrative remedies, a prisoner must use "all the steps that the agency holds out, and do[ ] so properly (so that the agency addresses the issue on the merits)." *Ngo,* 548 U.S. at 90 (quotation marks omitted). "[P]roper exhaustion" means a prisoner cannot fulfill the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 90-91. Prison officials must receive "fair notice of the problem that will form the basis of the prisoner's suit." *Johnson v. Johnson,* 385 F.3d 503, 516 (5th Cir. 2004). While a grievance need not advance a specific legal theory, it "should . . . give[ ] officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Id.* at 517.

"Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

Exhaustion is an affirmative defense. *Id.* The defense "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Id.* (citing *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003)). "Since exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.* at 272. The Fifth Circuit has stated that district courts should approach exhaustion questions under the PLRA as follows:

> When the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed to the merits. If the plaintiff survives summary judgment on exhaustion, the judge may resolve disputed facts concerning exhaustion, holding an evidentiary hearing if necessary. Then, if the judge determines that the plaintiff has exhausted administrative remedies or that his or her failure to exhaust should be excused, the case may proceed to the merits.

*Id.* at 273.

The Bureau of Prisons' ARP is outlined in 28 C.F.R. § 542.10-.19. After first pursuing informal resolution, the prisoner must submit to the warden a formal written Administrative Remedy Request (BP-9) within twenty (20) days following the date on which the basis for the request occurred. *Id.* § 542.14. The prisoner may appeal an unsatisfactory decision by the warden to the appropriate regional director within twenty (20) days of the date the warden signed the response. *Id.* § 542.15. The prisoner may appeal an unsatisfactory decision by the regional director to

7

General Counsel in the Central Office within thirty (30) days of the regional director's response. *Id.* Only after timely appeal to the Central Office has a prisoner exhausted his or her administrative remedies with the Bureau of Prisons. *See id.* The time limits may be extended "when the inmate demonstrates a valid reason for delay," which generally must be circumstances beyond the inmate's control that can be verified by prison staff. *Id.* § 542.14.

In response to the Court's Order to do so, Ellis clarified that he was alleging a constitutional violation pursuant to *Bivens,* namely that [all sic in original]

> Plaintiff was injured while in Warden Nash custody. There was a gas shut off valve that exploded in the Plaintiff face causing burns to the eye's and blowing the plaintiff over a table causing lower back injury. The Plaintiff Robert Ellis constitutional rights was violated when Miss Nash failed to protect this Plaintiff after several work orders of inmates and staff complaints of smelling gas.

(ECF No. 9, at 1).

Ellis proceeded through all steps of the ARP process. His grievances, however, notified prison officials that Ellis was complaining about the quality of his medical treatment following the explosion. The officials' responses addressed Ellis' medical treatment. Not until this lawsuit did Ellis allege that any prison official failed to protect him from the explosion.

Ellis first filed a Request for Administrative Remedy on September 5, 2017, providing [all sic in original]:

> On 9-5-2017, I did a follow up to the medical department stemming from a gas explosion that accured [sic] on 8-24-17 at my job site which I sustained facial & eye injuries as

8

> well [as] lower back spasms from this explosion. The eye doctor in Hinds County Jackson eye exam finding was "glaucoma". Medical staff is acting unprofessional about the injuries I sustained to the eyes & lower back. The doctor stated on 8-25-2017 that there will be eye drops applied to my eyes none of this has been done yet they are treating me like my complaint is frivolous & my head achs are normal & eye vision findings from the doctor on 8-25-2017 is something to play with.

(ECF No. 1-1, at 1-2).

Ellis requested "that medical staff treat my injuries and stop treating me like my injuries are self inflicted. Because my injuries was caused by the prison negligence." *Id.* at 1. In his second Request for Administrative Remedy, dated September 28, 2017, Ellis stated that "medical staff have yet to treat my back problem, due to an injury sustained in a gas explosion that happened on 8-24-2017 at the Yazoo City Complex chow hall." *Id.* at 3.

Warden Nash responded on October 6, 2017. Her response states that Ellis was medically evaluated on October 6, 2017, for back pain. "During this evaluation, an x-ray was ordered and [Ellis was] advised to purchase Naproxen from the commissary for pain." *Id.* at 4.

Dissatisfied with Warden Nash's response, Ellis filed a Request for Administrative Remedy with the regional director on October 13, 2017, submitting that he felt "that therapy is needed for my back injury, that was cause by institutional negligence that was caused by a gas explosion inside food service which also caused partial vision loss." *Id.* at 5. The regional director responded to Ellis' grievance on November 14, 2017. The regional director's response summarized

9

the medical evaluations and treatments Ellis received following the explosion, including being evaluated on more than one occasion by an ophthalmologist and receiving ointment and ibuprofen. *Id.* at 6.

Ellis appealed the regional director's decision to the Central Office. The Central Office responded on January 29, 2018, concurring with the manner in which Warden Nash and the regional director responded to Ellis' concerns. *Id.* at 8.

Even though Ellis was not required to "present a full-fledged legal theory in his grievance," Ellis was required to give prison officials notice of the alleged problem, and an opportunity to address it. *Johnson,* 385 F.3d at 518. During the administrative process, the focus of Ellis' grievances was Ellis' assertion that he was not receiving adequate medical care. Ellis twice referred to the prison's negligence but provided no factual basis for such a claim. The first time that Ellis alleged that inmates and staff complained about the smell of gas prior to the explosion was in this lawsuit.

Ellis' grievances did not afford prison officials fair notice that Ellis would pursue a complaint regarding anything beyond the quality of his medical care and maybe a negligence action. Ellis' grievances were not sufficient to alert prison officials that Ellis was claiming that a prison official had actual knowledge of a substantial risk of serious harm to him and responded with deliberate indifference to that risk. *See Hare v. City of Corinth,* 74 F.3d 633, 650 (5th Cir. 1996) (reciting constitutional standard). Prison officials were not afforded an opportunity to investigate such a claim internally before being subjected to this lawsuit. Ellis'

10

Complaint, which advances a failure to protect claim only, must be dismissed without prejudice because Ellis did not first present this claim to prison officials and thus failed to exhaust available administrative remedies as required by the PLRA.

C. Failure to State a Claim

Warden Nash seeks dismissal under Federal Rule of Civil Procedure 12(b)(6), asserting that Ellis has not alleged a claim against her because he has not alleged that she was personally involved in the events underlying the Complaint. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" *Iqbal,* 129 S. Ct. at 1948. "A public officer or agent is not responsible for the misfeasance or positive wrongs, or for the nonfeasances, of negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties." *Robertson v. Sichel,* 127 U.S. 507, 515-16 (1888).

The portion of Warden Nash's Motion seeking dismissal for failure to state a claim should be denied because "[g]enerally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx,* 136 F.3d at 1054.

D. Qualified Immunity

Warden Nash asserts that she is entitled to qualified immunity under the facts as alleged. "[Q]ualified immunity is an *immunity from suit,* and extends beyond just a defense to liability to include all aspects of civil litigation." *Jacquez v.*

11

*Procunier,* 801 F.2d 789, 791 (5th Cir. 1986) (emphasis supplied). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). Courts have an obligation to carefully scrutinize a plaintiff's claim before subjecting public officials to the burdens of broad-reaching discovery. *Jacquez,* 801 F.2d at 791.

Ordinarily, in cases raising the issue of qualified immunity, "a district court should provide the plaintiff an opportunity to satisfy the heightened pleading requirements of these cases." *Id.* at 792. "[T]he district court should on its own require of the plaintiff a detailed complaint alleging with particularity all material facts on which he contends he will establish his right to recovery, which will include detailed facts supporting the contention that the plea of immunity cannot be sustained." *Elliott v. Perez,* 751 F.2d 1472, 1482 (5th Cir. 1985). A plaintiff is not required to "fully anticipate the defense in his complaint at the risk of dismissal under Rule 12." *Schultea v. Wood,* 47 F.3d 1427, 1430 (5th Cir. 1995). Dismissal on grounds of qualified immunity is not appropriate at this juncture. This portion of Warden Nash's Motion should be denied.

## RECOMMENDATION

The undersigned recommends that Defendant Cheron Y. Nash's Motion to Dismiss or, in the Alternative, for Summary Judgment (ECF No. 19) be GRANTED IN PART AND DENIED IN PART. The Motion should be granted to the extent that the Complaint against Warden Nash must be dismissed without prejudice because

Ellis failed to exhaust the claim in his Complaint through the Bureau of Prison's ARP. The remainder of Warden Nash's Motion should be denied. Ellis' Motions entitled "Petitioner Motion to Move Forward or, in the Alternative, for Summary Judgment" (ECF No. 28) and "Memorandum in Support of Motion to Amend in Order to State a Claim in Which Relief Can be Granted Under the Bivens Action" (ECF No. 29) should be DENIED.

## NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with Local Uniform Civil Rule 72(a)(3) and 28 U.S.C. §636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the proposed findings and recommendations. The District Judge at that time may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation within fourteen days after being served with a copy shall bar that party, except under grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. §636(b)(1). An objecting party must specifically identify the findings, conclusions,

13

and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections.

    **SIGNED,** this the 15th day of January, 2019.

                                       *s/ John C. Gargiulo*
                                       JOHN C. GARGIULO
                                       UNITED STATES MAGISTRATE JUDGE